**E-FILED**
Friday, 18 October, 2013  10:39:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3293 |
| | ) | |
| DEBORAH FUQUA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, incarcerated and proceeding pro se, pursues claims arising from an alleged failure to treat Plaintiff's hernia during Plaintiff's incarceration in Western Illinois Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  To state a claim, the allegations must set

forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)(add'l citation omitted)).

ANALYSIS

Plaintiff alleges that, from April 2012 to January 2013, he experienced severe pain and difficulty functioning from a hernia while he was incarcerated in the Western Illinois Correctional Center.  The doctor, nurses, and others in the health care unit refused to take Plaintiff's complaints seriously, instead prescribing ineffective medication which made Plaintiff sick.  In January 2013, Plaintiff was rushed to the hospital for emergency surgery.  A doctor at St. John's Hospital remarked to Plaintiff that the doctor did not think Plaintiff would have lasted one more day without surgery.

Plaintiff's claim falls under the Eighth Amendment to the Constitution, which prohibits cruel and unusual punishment.  In the context of medical care for prisoners, cruel and unusual

punishment occurs when a Defendant is deliberately indifferent to a prisoner's serious medical need. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and 'either acts or fails to act in disregard of that risk.'" Id. at 751. Delaying treatment may constitute deliberate indifference if such delay "exacerbated the injury or unnecessarily prolonged an inmate's pain." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir.2010)(*citing* Estelle, 429 U.S. at 104–05).

Plaintiff's description of his pain and need for emergency surgery allows an inference that his medical needs were serious. An inference of deliberate indifference arises from Plaintiff's allegations that his repeated requests for effective treatment were refused. Accordingly, this case will proceed against Dr. Baker, Nurse Mills, and Debbie Fuqua. Whether the nurse or health care administrator had the authority to do something about Plaintiff's serious medical needs cannot be determined without a developed factual record. *See* Holloway v. Delaware County Sheriff, 700 F.3d 1063, 1075 (7th Cir. 2012)("Nurse can be deliberately indifferent if she 'ignore[s] obvious risks to an inmate's health' in following physicians orders.'") (quoting Rice ex rel. Rice v. Corr. Med. Servs.,

675 F.3d 650, 683 (7th Cir.2012); <u>Berry v. Peterman</u>, 604 F.3d 435,

443 (7th Cir.2010)(nurse's deference "may not be blind or

unthinking, particularly if it is apparent that the physician's order

will likely harm the patient.").

Plaintiff alleges that other persons in the health care unit were

deliberately indifferent, but he does not know their names.  Plaintiff

is advised that, if he is unable to discover the names of these

persons on his own, he should seek the information from Defense

counsel after Defense counsel has filed an appearance.  Failure to

identify additional defendants after Defense counsel has appeared

will result in the dismissal of any unidentified Defendants.

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28

U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth

Amendment claim for deliberate indifference to his serious medical

needs.  This case proceeds solely on the claims identified in this

paragraph.   Any additional claims shall not be included in the

case, except at the Court's discretion on motion by a party for good

cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)     Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7)      Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:  1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY**

**THE FULL COSTS OF FORMAL SERVICE PURSUANT TO**

**FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED:   October 18, 2013

FOR THE COURT:

<u>       **s/Sue E. Myerscough**       </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE